1   Darren J. Quinn (149679)
    LAW OFFICES OF DARREN J. QUINN
2   12702 Via Cortina, Suite 105
    Del Mar, CA 92014
3   Tel: (858) 509-9401

4   *Attorneys for Plaintiff Olaes Enterprises, Inc.*

5

6

7

8                **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10
    OLAES ENTERPRISES, INC., a          )   CASE NO.  **'14CV1718 BAS WVG**
11  California Corporation,              )
                                         )
12              Plaintiff,               )   **COMPLAINT FOR**
                                         )   **DECLARATORY RELIEF**
13       v.                              )
                                         )   **DEMAND FOR A JURY TRIAL**
14  WALTZING T BEAR LLC, a               )
    Connecticut Limited Liability Company)
15                                       )
                Defendant.               )
16  _____)

17

18

19

20

21

22

23

24

25

26

27

28
                        COMPLAINT FOR DECLARATORY RELIEF

Plaintiff makes the following allegations on information and belief.

## JURISDICTION AND VENUE

1.     This is an action for declaratory relief (28 U.S.C. §2201) in relation to a claim by defendant that plaintiff infringed defendant's copyrights (17 U.S.C. §§101 et seq.) and trademarks (15 U.S.C. §1125).

2.      This court has jurisdiction of this action under 28 U.S.C. §§1331(federal question), §1338 (original jurisdiction relating to copyrights and trademarks), 15 U.S.C. §1121(trademarks) and the declaratory relief act, 28 U.S.C. §2201.

3.     Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a substantial part of property that is the subject of the action is situated in this district.  Venue is also proper in this district under 28 U.S.C. §1400(a) as defendant or its agents may be found in this district.

## THE PARTIES

4.     Plaintiff OLAES ENTERPRISES, INC. dba ODM ("ODM") is a California corporation with its office at 13860 Stowe Drive, Poway, California 92064.  Plaintiff is the owner of copyrighted graphic designs that are the subject of this declaratory relief action.  Plaintiff created in this district the graphic design that defendant contends infringes defendant's copyrights and trademarks.  All or a substantial part of plaintiff's t-shirts  that defendant contends infringe defendant's copyrights and trademarks were situated in this district.

5.     On information and belief, defendant WALTZING T BEAR LLC ("WTB") is a Connecticut limited liability company.  On information and belief, defendant WTB sells t-shirts or clothing apparel in this district.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**
**28 U.S.C. §2201**

6.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 5  of the Complaint.

7.     Plaintiff is one of the largest design houses in the world.  Plaintiff has created thousands of designs that contain a large amount of material wholly original with plaintiff and are copyrightable subject matter under the laws of the United States.

8.     One of plaintiff's copyrighted designs is a two-dimensional drawing of a pinstriped suit vest with a striped tie.  Plaintiff placed this design on a t-shirt.

9.     Plaintiff's pinstriped suit vest with a striped tie design on the front of a t-shirt is ornamental and not used in a trademark manner.

10.     Defendant WTB claims it "is the owner of the fanciful design of a necktie on a shirt (hereinafter the "Design"), and enjoys the exclusive right to use the Design in the United States."

11.     Defendant claims: "The Design was registered with the United States Patent and Trademark Office ("USPTO") at Trademark Registration No. 2746427, on the Principal Register in 2003. It is active and has been renewed in April of 2013 for an additional ten years. This same Registration was made Incontestable in August 2008."

12.     Defendant claims: "Protectable copyright is also asserted in the various specific iterations of the design."

13.     Defendant sent plaintiff a cease and desist letter dated July 7, 2014 that provides, in part: "I am writing to you today because it has come to our attention that Walmart has sold a Gildan shirt (Boys Tee tie shirt -Style# AG l 5992-UPC#882932326577- RN#9068 l--P07541) with a necktie design imprinted thereon, in which WTB owns the exclusive rights."

14.     On information and belief, defendant licenses its necktie design on t-shirts without exercising actual control over the nature and the quality of the goods sold under defendant's claimed trademark.  For instance, defendant's www.ShirtTie.com website states, in part:

> Corporate Use
> Of course! Shirt Ties are a perfect solution for businesses, small organizations, and retailers alike! After licensing our trademarked design, *you are free to use any company or distributor to manufacture your very own Shirt Tie design*! The possibilities are endless!

(Emphasis added)

15.     Persons that license defendant's necktie design on a t-shirt are not indicating defendant as the source of the t-shirts, but rather the licensee as the source.  Defendant's www.ShirtTie.com website states, in part:

> WHO USES SHIRT TIES?

Everyone! Shirt Ties are perfect for a gift, any casual occasion, event or even a campaign. Here are just a few amazing uses for a fun and attractive Shirt Tie:

EVENTS

Add some levity to the next big event or game. Can you imagine a golf course or baseball stadium full of your company's Shirt Tie design? **Build brand recognition**, teamwork and camaraderie while having fun **with your own Shirt Tie design**.

PROMOTIONAL ITEMS

Although hats and coffee mugs are fine for logos, we have so many of them. **Design your own Shirt Tie with your logo in that tie! Your customers will love wearing them and advertising your company for you!**

FUND RAISERS

Why not thank your generous donors or alumni with **a Shirt Tie sporting your organization's logo and tagline right on the tie**. What a great way to build awareness and grow your support base!

(Emphasis added)

16.     Defendant is the owner of the now expired design patent Des. 369,013, issued April 23, 1996 ("Design Patent") for "the ornamental design for a tee shirt, as shown and described."  The Design Patent attached drawings of t-shirts with a tie printed on the front.

17.     With respect to expired patents, the Supreme Court has stated, *inter alia*,

For almost 100 years it has been well established that in the case of an expired patent, the federal patent laws do create a federal right to "copy and to use."

*Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 165 (1989)

The right to copy, and to copy without attribution, once a copyright has expired, like "the right to make [an article whose patent has expired]--including the right to make it in precisely the shape it carried when patented--passes to the public." *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 230, 11 L. Ed. 2d 661, 84 S. Ct. 784, 1964 Dec. Comm'r Pat. 425 (1964); *see also Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 121-122, 83 L. Ed. 73, 59 S. Ct. 109, 1939 Dec. Comm'r Pat. 850 (1938). "In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29, 149 L. Ed. 2d 164, 121 S. Ct. 1255 (2001). ***The rights of a patentee or copyright holder are part of a "carefully crafted bargain*,**" *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 150-151, 103 L. Ed. 2d 118, 109 S. Ct. [***42] 971 (1989), **under which, once the patent or copyright [*34] monopoly has expired, the public may use the invention or work at will and without attribution**. Thus, in construing the Lanham Act, we have been "careful to caution against misuse or over-extension" of trademark and related protections into areas traditionally occupied by patent or copyright. *TrafFix*, 532 U.S., at 29, 149 L Ed 2d 164, 121 S Ct 1255.

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-34 (2003)

(emphasis added)

18.    A justifiable controversy now exists between the parties.   Plaintiff has a real and reasonable apprehension of litigation by defendant based upon plaintiff's promotion and sale of its copyrighted t-shirt designs containing an image of a  tie.

19.    Plaintiff therefore seeks a declaration from the Court declaring the various rights and obligations of the parties.  Specifically, plaintiff seeks a declaration regarding:

a.    Whether defendant has any exclusive rights to use a t-shirt design that contains a neck tie;

b.    Whether the public may use the t-shirt designs in the Design Patent at will and without attribution based upon the expiration of the Design Patent;

c.    Whether any trademark of defendant that includes a t-shirt design that contains a neck tie are valid and enforceable;

d.    Whether any t-shirt of plaintiff containing a tie infringes any copyright of defendant.

e.    Whether any t-shirt of plaintiff containing a tie infringes any trademark rights of defendant.

WHEREFORE, plaintiff prays for judgment and/or orders as follows:

1.    A declaration from the Court that defendant's patent rights to exclude others from making a t-shirt with a tie design have expired and may be freely used by the public without attribution;

2.    A declaration from the Court that defendant does not have the exclusive right to use a tie design on a t-shirt;

3.      A declaration from the Court that any t-shirt of plaintiff containing a tie design does not infringe on any trademarks of defendant;

4.      A declaration from the Court that any t-shirt of plaintiff containing a tie design does not infringe any copyrights of defendant.

5.      That defendant, its agents, attorneys, and all persons acting in concert with them be restrained and enjoined from filing any actions for copyright infringement and/or trademark infringement against plaintiff in relation to any t-shirt of plaintiff containing a tie design.

6.      That defendant pay to plaintiff the cost of this action, expenses, and reasonable attorney's fees;

7.      That plaintiff have such other and further relief as to this Court may appear just and proper.

Dated: July 22, 2014

                                        Respectfully submitted,

                                        LAW OFFICES OF DARREN J. QUINN
                                        DARREN J. QUINN


                                        ___s/s Darren J. Quinn_____
                                        Darren J. Quinn

                                        12702 Via Cortina, Suite 105
                                        Del Mar, CA 92014
                                        Telephone: (858) 509-9401

                                        *Attorneys for Plaintiff Olaes Enterprises, Inc.*

1

**DEMAND FOR A JURY TRIAL**

2

3

Plaintiff demands a trial by jury on all causes of action so triable.

4

Dated: July 22, 2014

5

Respectfully submitted,

6

LAW OFFICES OF DARREN J. QUINN

7

DARREN J. QUINN

8

9

s/s Darren J. Quinn

10

Darren J. Quinn

11

12702 Via Cortina, Suite 105

12

Del Mar, CA 92014

13

Telephone: (858) 509-9401

14

*Attorneys for Plaintiff Olaes Enterprises,*

15

*Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF

-8-